UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re RENEE MARIE GILLESPIE,

          Debtor,

KATHLEEN KLAUS and
RICHARD ROOSEN,

          Appellants,

v.

RENEE MARIE GILLESPIE,

          Appellee,
_____/

Civil Case No. 22-12971
Honorable Linda V. Parker

Bankruptcy Case No. 22-20855
Honorable Daniel S. Opperman

## OPINION AND ORDER DENYING APPELLANTS' MOTION FOR LEAVE TO APPEAL AND DENYING AS MOOT APPELLEE'S MOTION TO DISMISS

      This matter arises from the Chapter 7 bankruptcy proceedings concerning Debtor-Appellee Renee Marie Gillespie, which are pending in the United States Bankruptcy Court for the Eastern District of Michigan. The Honorable Daniel S. Opperman is presiding over those proceedings. On October 5, 2022, Gillespie filed a motion in the bankruptcy court seeking to conduct an examination of Appellants Kathleen Klaus and Richard Roosen pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. Judge Opperman granted the motion in an order entered November 22. Appellants now move for to leave to appeal pursuant

to 28 U.S.C. § 158(a)(3). (ECF No. 1.) Instead of responding to Appellants' motion, Gillespie filed a motion to dismiss the appeal. (ECF No. 3.) Because the Court declines to grant Appellants' motion for leave to appeal, Gillespie's motion to dismiss is moot.

## Background

Appellant Richard Roosen is a lawyer whose firm, Roosen, Varchetti & Olivier, PLLC ("RVO"), represents Credit Corp Solutions, Inc. ("CCSI"). CCSI is the assignee of a debt Gillespie owed to Synchrony Bank. On September 24, 2021, Roosen, on behalf of CCSI, filed a breach of contract action against Gillespie in a Michigan state court. Gillespie defaulted and a default judgment was entered against her on December 16, 2021.

On July 18, 2022, Roosen applied for a periodic writ of garnishment on behalf of CCSI to Gillespie's employer. On August 15, the employer responded indicating, in part, that it would begin to garnish Gillespie's wages. On August 31, however, Gillespie filed her Chapter 7 voluntary bankruptcy petition.

Roosen received notice of the bankruptcy petition the following evening and, on September 6 (the second business day after receiving notice) submitted a standard "Garnishment Release" form to the state court. On September 12, the state court processed the Garnishment Release and mailed a copy to the employer.

2

Nevertheless, the employer subsequently sent checks to RVO representing funds garnished from Gillespie's paycheck which were collected pre- and post-petition. RVO returned the checks to the employer, through its resident agent, and Gillespie was allegedly refunded the garnished funds in her November 3 paycheck.

In the interim, on September 20, Gillespie filed her bankruptcy schedules. She listed as an asset a Fair Debt Collection Practices Act ("FDCPA") claim against CCSI valued at $15,000. Then, on September 26, Gillespie filed a motion in the bankruptcy court seeking to conduct a Rule 2004 examination of Roosen and Appellant Kathleen Klaus, who is RVO's compliance counsel.

Judge Opperman conducted a hearing with respect to Gillespie's Rule 2004 motion on November 3. The day before the hearing, Gillespie amended her bankruptcy schedules to increase the value of her FDCPA claim against CCSI to $50,000. At the hearing, Debtor's attorney indicated that the Rule 2004 exam was sought to assess the merits of the FDCPA claim against CCSI, specifically whether CCSI violated the automatic bankruptcy stay, which would constitute an asset of the estate. Counsel further indicated that he sought to examine RVO's compliance counselor because she presumably would be the person in the best position to explain RVO's processes for responding to a bankruptcy filing when attempting to enforce a judgment against a debtor. Klaus argued that there was no stay violation

3

and that counsel for Gillespie had not put forth a plausible violation of the FDCPA. Klaus maintained that the collection of Gillespie's debt was lawful.

At the close of the hearing, Judge Opperman granted Gillespie's motion for a Rule 2004 examination, although he limited the documents to be produced to the period from January 1 to October 30, 2022. Judge Opperman instructed that the documents should be produced and then Gillespie's counsel could examine Roosen. Judge Opperman indicated that a decision with respect to Klaus' examination would be determined at a later time. As indicated earlier, a written order was entered November 22.

Appellants filed a motion for reconsideration and, alternatively, sought a stay of the order pending appeal. On December 8, they filed their motion for leave to appeal. The bankruptcy court does not appear to have ruled on the reconsideration or stay requests.

## Applicable Law & Analysis

### Rule 2004 Examinations

Rule 2004 allows for a bankruptcy court to "order the examination of any entity" relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b).

"The scope of a Rule 2004 examination is extremely broad and has often been likened to a lawful 'fishing expedition.'" *In re Lufkin*, 255 B.R. 204, 208 (E.D. Tenn. 2000) (citing *Bank One, Columbus, N.A. v. Hammond (In re Hammond)*, 140 B.R. 197, 201 (S.D. Ohio 1992)); *see also In re Fearn*, 96 B.R. 135, 137 (S.D. Ohio 1989) (citations omitted). "Although the primary purpose of a Rule 2004 examination is to permit a party in interest to quickly ascertain the extent and location of the estate's assets, such examination is not limited to the debtor or his agents, but may properly extend to creditors and third parties who have had dealings with the debtor." *In re Fearn*, 96 B.R. at 138 (citing *Chereton v. United States*, 286 F.2d 409, 413 (6th Cir), *cert. denied*, 366 U.S. 924 (1961)) (additional internal citation omitted).

"While the scope of a Rule 2004 examination is very broad, it is not limitless." *Id.* A Rule 2004 examination is not a tool for abuse or harassment. *Id*. "Good cause" for the exam must be shown, "taking into consideration the totality of the circumstances, including the importance of the information to the examiner and costs and burdens on the creditor." *In re DeShetler*, 453 B.R. 295, 302 (S.D. Ohio 2011) (citation omitted). Bankruptcy courts have "broad discretion in determining whether to order a [Rule] 2004 examination." *Id*. at 301 (citing *In re*

5

*Hammond*, 140 B.R. at 201; *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 708-09 (Bankr. S.D.N.Y. 1991); *In re Fearn*, 96 B.R. 135).

## Appeals of a Bankruptcy Court's Decision to Allow a Rule 2004 Examination

28 U.S.C. § 185(a) grants federal district courts jurisdiction over appeals of "final judgments, orders, and decrees" of the federal bankruptcy courts, as well as interlocutory orders and decrees with leave of court. Appellants do not argue that Judge Opperman's Rule 2004 order is final, apparently acknowledging the findings of most courts that such orders are interlocutory. *See In re Gray*, 447 B.R. 524, 529-30 (E.D. Mich. 2011) (collecting and analyzing cases addressing whether Rule 2004 orders are final); *In re Tullius*, 500 F. App'x 286, 289 & n. 8 (5th Cir. 2012) (finding that a Rule 2004 examination order was interlocutory and collecting cases concluding that bankruptcy court "discovery orders are interlocutory decisions from which an appeal to the district court does not lie as a matter of right"); *In re Coleman Craten, LLC*, 15 F. App'x 184, 184 (4th Cir. 2001); *In re Coulter*, Nos. 12-013/11-22535, 2012 WL 11851651, at *1 (10th Cir. BAP May 3, 2012); *Matter of Vance*, No. 98-1470, 1998 WL 783728, at *1 (7th Cir. Nov. 2, 1998) (citing cases) ("A majority of courts that have considered the issue have held that orders granting or denying Rule 2004 examinations are, like discovery orders,

6

interlocutory."). Appellants maintain, however, that Judge Opperman's interlocutory order should now be considered on appeal.

Section 185 does not provide district courts with guidance for deciding whether to grant leave to file an interlocutory appeal. Courts within the Sixth Circuit consider the same factors found in 28 U.S.C. § 1292(b) for determining whether to review an interlocutory order in a civil proceeding. *In re Energy Conversion Devices, Inc.*, 638 B.R. 81, 88 (E.D. Mich. 2022) (citing *In re Brentwood*, 329 B.R. 239, 242 (E.D. Mich. 2005); *In re Ragle*, 395 B.R. 387, 394 (E.D. Ky. 2008)). The appellant must show that: "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Id*. (quoting *In re ASC Inc.*, 386 B.R. 187, 194 (E.D. Mich. 2008) (citing *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)). "It is well-established that all three statutory requirements must be met for the court to certify an appeal under § 1292(b)." *Id*. at 88-89 (quoting *Lang v. Crocker Park LLC*, No. 1:09 CV 1412, 2011 WL 3297865, at *5 (N.D. Ohio July 29, 2011) (citing *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994)); *see also In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2012)

(citation omitted) (advising that a "district court must expressly find in writing that all three § 1292(b) requirements are met").

However, "[e]ven when all three criteria are met, 'district courts have unfettered discretion to deny certification in light of the strong bias in federal practice against interlocutory appeals.'" *Id*. at 89 (quoting *In re Doria*, No. 09-75261, 2010 WL 2870813, at *2 (E.D. Mich. July 21, 2010)) (additional quotation marks and citation omitted). Such appeals are contrary to "the judicial policy opposing piecemeal litigation and cause delay and disruption[.]" *Id*. (quoting *In re Gray*, 447 B.R. 524, 533 (E.D. Mich. 2011)). Therefore, they "should be the exception, rather than the rule," and should be permitted only in "exceptional circumstances." *Id.* (citations omitted); *see also In re Miedzianowski*, 735 F.3d at 384 (quoting *Kraus v. Bd. of Cnty. Rd. Comm'rs for Kent Cnty*, 364 F.2d 919, 922 (6th Cir. 1996)) (Explaining "that § 1292(b) 'should be sparingly applied' and 'is to be used only in exceptional cases'").

As the failure to satisfy even one requirement dooms a request for leave to file an interlocutory appeal, this Court begins and ends its analysis with the first requirement. As indicated above, the decision whether to order a Rule 2004 examination falls within the discretion of the bankruptcy court. Matters within a court's discretion are not the type of legal questions "envisioned in § 1292(b)" as

8

involving a "controlling question of law." *In re City of Memphis*, 293 F.3d at 351 (citing *White*, 43 F.3d at 377) (explaining that "[a]n allegation of abuse of discretion in an evidentiary ruling does not create a legal issue under § 1292(b)"); *see also In re Gray*, 447 B.R. at 534 (citing *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)). For this reason, courts asked to grant leave to hear an interlocutory appeal concerning a Rule 2004 examination order, generally deny such requests. *See, e.g., In re Gray*, 447 B.R. at 535; *In re Diamond Trucking, Inc.*, No. 16-32627, 2019 WL 316711, at * (N.D. Ind. Jan. 24, 2019); *W.S. Badcock Corp. v. Beaman*, No. 4:14-cv-169, 2015 WL 575422, at *1 (E.D.N.C. Feb. 11, 2015) (citing cases).

## Conclusion

For the reasons set forth above, the Court declines to grant Appellants leave to appeal the bankruptcy court's order granting the debtor's motion for a Rule 2004 examination.

Accordingly,

**IT IS ORDERED** that Appellants' motion for leave to appeal (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Debtor's motion to dismiss (ECF No. 3) is **DENIED AS MOOT**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: July 14, 2023